Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | REBECCA R. PALLMEYER | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 0820 | **DATE** | August 26, 2002 |
| **CASE TITLE** | Robert Potts a/k/a Steven Jenson, #2000-0098811 vs. Dorothy Brown, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   For the reasons set forth in the accompanying Memorandum Opinion and Order, Defendant's motion to dismiss [#20] is granted. The complaint is dismissed with prejudice pursuant to FED. R. CIV. P. 12(b)(6). The case is terminated. The parties are to bear their own costs.

(11) ■ [See attached Memorandum Opinion and Order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | AUG 2 7 2002 date docketed | |
| ✔ | Docketing to mail notices. | | | 23 |
| ✔ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | mjm | 02 AUG 26 AM 11:14 | date mailed notice | |
| | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

**DOCKETED**
**AUG 2 7 2002**

ROBERT POTTS A/K/A STEVEN JENSON, )
)
      **Plaintiff,** )
) No. 02 C 0820
v. )
) U.S. District Judge
DOROTHY BROWN, et al., ) Rebecca R. Pallmeyer
)
      **Defendants.** )

## MEMORANDUM OPINION AND ORDER

Plaintiff, Robert Potts, an inmate at the Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that officials of the Cook County Circuit Clerk's Office interfered with his right of access to the courts. Specifically, Plaintiff alleges that the State has appealed an order suppressing evidence in the criminal case against him, and that the Clerk's failure to comply with state law requirements governing transmission of the appeal record has unduly delayed an appellate ruling and forced him to remain in jail. This matter is before the court for consideration of Defendant's motion to dismiss. For the reasons stated in this order, the motion will be granted.

It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521; *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000).

When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true, viewing all facts--as well as any inferences reasonably drawn therefrom--in the light most favorable to Plaintiff. *Autry v. Northwest Premium Services, Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998). In ruling on a 12(b)(6)



motion, however, a district court may properly take judicial notice of matters of public record without converting the 12(b)(6) motion into a motion for summary judgment. *Anderson v. Simon*, 217 F.3d 472, 474-75 (7th Cir. 2000).

## FACTS

Plaintiff is a pretrial detainee, currently in the custody of the Cook County Department of Corrections. (Complaint at 2.) Defendant, Dorothy Brown, is the Clerk of the Cook County Circuit Court. (*Id.*)[1]

Plaintiff's complaint, deemed true for purposes of the motion to dismiss, alleges as follows: On June 4, 2001, the trial judge in Plaintiff's pending state criminal case granted an order to suppress evidence. (*Id.* at 6.) The State filed a notice of appeal on July 25, 2001. (*Id.*) According to Plaintiff, the record on appeal was due to be filed in the Illinois Appellate Court by September 26, 2001. (*Id.*; see also Unmarked Exhibit to Plaintiff's "Supplementary Answer to Defendant's Motion to Dismiss," captioned, "Motion for Leave to File Docketing Statement Instanter;" *cf.* Ill. S. Ct. Rule 608(c): "The record . . . shall be filed in the reviewing court within 63 days from the date the notice of appeal is filed in the trial court. . . .") Plaintiff alleges that Defendant failed to meet that deadline. In fact, on August 22, 2001, Defendant filed an "Appeal Certificate," indicating that a partial record on appeal had been prepared, consisting of only the documents in the court file. (August 22, 2001 Appeal Certificate, Exhibits 1 and 2 to Defendant's Motion to Dismiss.)[2] On October 2, 2001, the State's Attorney (who is not a party to this action) filed a motion for an

---

[1] By Minute Order of February 14, 2002, the court dismissed the complaint as to John Stroger, the President of the Cook County Board, for lack of personal involvement. Plaintiff has never identified or served "John Doe Assistant Clerk of Court." The court rejected subsequent amendments to the complaint attempting to name additional Defendants. See Minute Orders of April 25, 2002; June 5, 2002.

[2] As noted, the court is permitted to take judicial notice of such official records without converting the motion to dismiss to a motion for summary judgment.

2

extension of time to file the Record on Appeal. (Unmarked Exhibit to Plaintiff's Supplemental Brief Opposing Dismissal.) The basis for the request was that the State had ordered transcripts from the court reporter and that the transcripts had not yet been received. (*Id.* at 2.) The State filed a second motion for an extension of time because it still had not received the transcripts, but it is not clear on what date this second motion was filed because the file stamp is too faint to determine the date. (Exhibit D to Plaintiff's Supplementary Brief Opposing Dismissal.) Nevertheless, by October 29, 2001, Defendant supplemented the record with the Report of Proceedings, the transcripts of court proceedings. (Certificate of Filing, Exhibit 3 to Defendant's Motion to Dismiss.)

On January 8, 2002, the State sought leave to file the Certificate in Lieu of the Record instanter. (Exhibit F to Plaintiff's Supplementary Brief Opposing Dismissal.) As the court understands this filing, the Certificate demonstrates that the record is complete and available for review. The Illinois Appellate Court granted the State's motion on January 17, 2002.

The Clerk of the Illinois Appellate Court for the First District confirmed that the appeal is still pending as of the date of this order. Plaintiff's motion for conditional release pending disposition of the appeal, his motion to expedite the appeal, and his motion for leave to file a reply brief have been taken under advisement by the appellate court.

## DISCUSSION

Plaintiff brought this case as a challenge to an alleged delay in processing the State's appeal in his criminal prosecution. As the Seventh Circuit has observed,

> excessive delay in the processing of a criminal defendant's state appeal can be a denial of due process of law. The defendant has no federal constitutional right to an appeal, . . . but a state is not permitted with one hand to grant such a right and with the other to take it away in an arbitrary fashion.

*Allen v. Duckworth*, 6 F.3d 458 , 459-60 (7th Cir. 1993). At issue in *Allen* was a habeas petition, filed by a prisoner after four and a half years had passed without a ruling on his appeal from his

3

criminal conviction. (*Id.* at 459.) As set forth above, the Seventh Circuit confirmed that a delay in processing an appeal may constitute a denial of due process; for example, the court suggested that denial of a free transcript to an indigent defendant, or refusing to permit or to decide an appeal, might well violate due process. (*Id.* at 459-60.) The *Allen* court ultimately agreed with the district court's conclusion that the habeas petition in question was rendered moot when, soon after the petitioner filed it, the state court rendered its decision affirming petitioner's conviction. (*Id.*)

In this case, the facts demonstrate that Plaintiff's claim must be dismissed for the same reason. Documents filed in connection with the pending criminal appeal reflect that the complete record on appeal has now been filed. In his opposing brief, Plaintiff conceded that the State's Attorney had submitted the complete record by November 1, 2002. (Plaintiff's Reply to Defendant's Motion to Dismiss, at 1.) In fact, contrary to the allegations of the complaint, the complete record on appeal, including transcripts of the trial court proceedings, had been prepared and filed months before Plaintiff initiated this lawsuit on February 1, 2002. As in *Allen*, Plaintiff's complaints about delay in processing his appeal have been rendered moot by the filing of the documents necessary to move the case forward. Certainly there is no basis for injunctive relief.

Nor does the court believe the circumstances presented here support a claim for damages. First, as noted earlier, court clerks have quasi-judicial immunity from suits for damages when they are being sued for performing ministerial acts. *See* Minute Order of February 14, 2002, (Doc. No. 4), *citing Richman v. Sheahan*, 270 F.3d 430, 437 (7th Cir. 2001), *cert. denied*, 122 S.Ct. 1439 (Apr. 1, 2002). This court also observed that, although a violation of the state court's schedule for filing the record might, under circumstances more compelling than these, support a mandamus action or a motion in the appellate court, a violation of state law is not, in and of itself, an actionable constitutional tort. *See* Minute Order of February 14, 2002 (Doc. No. 4), *citing Rowe v. DeBruyn*, 17 F.3d 1047, 1051 (7th Cir. 1994).

4

*Allen* recognized that "excessive" delay might be a denial of due process. *Allen*, 6 F.3d at 459. This court is not prepared to decide what delay is excessive, but is certain that the test is not met in this case. The matter has been pending for just over a year, is currently at the briefing stage, and presumably can be decided promptly. Defendant may have been a few weeks late in filing the record; but such a brief delay does not rise to the level of a constitutional violation. In any event, a plaintiff alleging interference with his First Amendment right of access to the courts must show that the deprivation was intentional. *Harrell v. Cook*, 169 F.3d 428, 431 (7th Cir. 1999); *Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992).

Plaintiff cites *Curry v. Pucinski*, 864 F.Supp. 839 (N.D. Ill. 1994), in which an Illinois prisoner sued the Cook County Clerk for failing to include numerous documents in the record of appeal prepared in his case. The court there concluded that, where the Clerk prepared the record but never included certain critical record materials (including jury questions and verdict forms), the Clerk was not entitled to summary judgment on plaintiff's due process claims. *Id.* at 844. The court noted that due process requires that "the handling of those important [court] records be free from arbitrary interference and unreasonable delay." *Id.* The district court observed, however, that where the constitutional violation is "minor and incidental," an inmate must show prejudice in order to proceed in a denial of access claim. *Id.* Unlike *Curry*, where plaintiff was deprived for years of records that were necessary for a meaningful and timely appeal, here it is uncontested that Defendant has prepared the complete Record on Appeal, albeit with a slight delay. Again, in this case, the court discerns no unreasonably long delays, no "substantial retardation" of the appellate process, no ongoing problem, and no substantive prejudice to the appeal. *See Curry*, 864 F. Supp at 844. These circumstances do not establish a constitutional violation; indeed, they may not even establish a violation of state procedural rules: Supreme Court rules specifically permit motions for extensions of time to file the Record on Appeal, where the movant can show "necessity." ILL. S. CT. RULE 608(d). The record fails to support an inference either that Defendant has unreasonably

5

delayed or otherwise prejudiced Plaintiff's appeal, or even that most of the delays in the appeal are attributable to the named Defendant.

The court notes, finally, that it appears that when he filed his lawsuit, Plaintiff lacked a clear understanding of the procedure for filing the record of potential causes for any delay. He now appears to comprehend that once the Circuit Clerk prepares the appeal record, she generally provides it to the parties for their use in drafting their appellate briefs and the parties themselves file the record with the appellate court after they have finished reviewing it. Plaintiff appears now to recognize that Defendant did fulfill her obligation; in his briefs in opposition to Defendant's motion to dismiss, Plaintiff now faults the State's Attorney for what Plaintiff believes was the State's Attorney's failure to comport with Supreme Court requirements regarding prompt briefing filing of the certificate in lieu of record.

As this court previously advised Plaintiff, however, amendment of the complaint to name the State's Attorney or other parties allegedly responsible for delays would be futile. *See* Minute Orders of April 25, 2002 and June 5, 2002. "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *see also Hunt v. Jaglowski*, 926 F.2d 689, 692 (7th Cir. 1991). Even absent this immunity, any claim against the State's Attorney, or any other state actor, would fail where Plaintiff cannot establish that such a defendant intentionally hampered or obstructed the appeal process. Plaintiff is dissatisfied with the slow pace of the appeal; he may well expect that a decision affirming the trial court will result in his release from custody. The record does not, however, establish a claim of intentional denial of access to the courts.

## CONCLUSION

Even accepting Plaintiff's factual allegations as true, the court finds that he has no actionable federal claim. Plaintiff's request for injunctive relief is moot, and he is not entitled to

damages from Defendant or any other state actor on account of the relatively brief delays in the appeal process. The record fails to support an inference that Plaintiff has been denied meaningful access to the courts. Plaintiff's allegations do not justify federal intervention in Plaintiff's pending state criminal prosecution.

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted. Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C).

Defendant's motion to dismiss (Doc. No. 20) is granted. The complaint is dismissed with prejudice pursuant to FED. R. CIV. P. 12(b)(6). The case is terminated. The parties are to bear their own costs.

ENTER:

Dated: August 26, 2002

REBECCA R. PALLMEYER
United States District Judge